

FILED

10/01/2024

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 24-0408

IN THE SUPREME COURT OF THE STATE OF MONTANA

DA 24-0408

HEIDI A. GABERT,

Plaintiff and Appellee,

v.

GARRY DOUGLAS SEAMAN,                                    O R D E R

Defendant and Appellant,

DAWN FREEMAN,

Intervenor and Appellee.

Appellees Plaintiff Heidi Gabert and Intervenor Dawn Freeman move to dismiss this appeal on the ground that Appellant Garry Seaman appeals an order of the Nineteenth Judicial District that is not a final judgment or otherwise appealable under M. R. App. P. 6. Seaman agrees that the appeal is not taken from a final judgment but argues that it is a timely appeal because it is from the court's order on Appellees' M. R. Civ. P. 59(e) motion and is the "final order on the referenced matter." The parties' dispute centers on who is obligated to pay capital gains taxes on sales of Seaman's property that will occur to satisfy a $20 million stipulated settlement.

Gabert and Freeman filed lawsuits against Seaman arising from his actions on the night of May 21, 2022, that led to charges of the deliberate homicide of Freeman's husband and the attempted deliberate homicide of Gabert. A Receiver was appointed pursuant to § 27-20-102, MCA, to manage, preserve and protect Seaman's assets. On October 4, 2023, the parties resolved Appellees' claims against Seaman by a Memorandum of Understanding ("MOU"). Under the general terms of the MOU, the Appellees agreed not to object to Seaman's Plea Agreement. In return, Seaman consented to Judgment of

$20,000,000 and transfer of his assets to a "Liquidating Receiver" to promptly liquidate such assets. Seaman would retain his Homestead Exemption. The MOU provided that the Receiver's primary duties were "to prevent waste, preserve the Property, take any action to maximize the value of the Property, and collect the Proceeds[.]" The MOU also "vested and charged" the Receiver with all authority under Montana law, including, in relevant part, the power to "[p]ay all required taxes relating to the Property." Though the District Court initially ruled that this clause required the Receiver to pay the capital gains taxes, the court concluded on the Appellees' M. R. Civ. P. 59(e) motion to alter or amend the judgment that amendment was "necessary to correct manifest errors of law or fact upon which its prior Order was based."

In its June 7, 2024 Order, the District Court determined that the parties had no intent to include the reservation and payment of capital gains taxes incurred through the liquidation of Seaman's assets. It concluded that "taxes relating to the Property" did not include the reservation of funds for the payment of capital gains taxes—which are income taxes—arising from the sale of Seaman's assets. Seaman filed his Notice of Appeal with this Court on July 8. Four days later, upon the Trustee's unopposed motion, the District Court entered an order that in part directed transfer of all of Seaman's real property to the Designated Settlement Fund (DSF)'s wholly owned entity created for that purpose, subject to any Homestead Exemption on Seaman's personal residence, not to exceed $378,560. The order directed the DSF to file a determination of value of all transferred assets within two years based on proceeds received in liquidation of the assets. It provided further, "[T]he Court will retain jurisdiction over issues reserved by the parties relating to credits to the Homestead Exemption, if any, arising from payments made by . . . Receiver to income taxing authorities and other payments for Seaman's personal benefit[.]"

Appellees claim that the June 7 order is not appealable because there remain outstanding issues reserved by the parties relating to credits to Seaman's homestead exemption. They represent that the parties agreed, and the District Court ordered, that a hearing would be scheduled on those questions. Appellees argue that the value of Seaman's homestead exemption must be determined, and the appeal should be dismissed

2

to avoid fragmentary resolution of the case. Seaman responds that the June 7 order is appealable under M. R. App. P. 6(3)(a), which allows appeal from an order granting or denying a motion to alter or amend a judgment. Acknowledging that there remain outstanding issues between the parties, Seaman argues that the June 7 order is the final decision with respect to the payment of capital gains taxes and is therefore appealable at this time. He argues further that his appeal is timely under Rule 6(3)(g), which allows appeal from an order "giving directions with respect to a receivership."

The Court agrees that the June 7 order is appealable under Rule 6(3)(a) and (g). We observe, however, that in its unopposed motion for transfer of assets, the Trustee stated that Seaman's counsel advised he did not intend to seek a stay of execution of the District Court's judgment pending appeal. The record reflects that a motion for stay was not filed in the District Court, and Seaman has not sought stay of execution before this Court. We accordingly do not address the Appellees' alternative request to stay the appeal pending resolution of the homestead issue.

IT IS THEREFORE ORDERED that the Appellees' motion to dismiss this appeal is DENIED.

Dated this 1st day of October, 2024.

_____

_____

_____

_____

_____
Justices

3